Richard S. Busch (SBN 319881)
*E-Mail: rbusch@kingballow.com*
KING & BALLOW
1999 Avenue of the Stars, Suite 1100
Century City, CA 90067
Telephone: (424) 253-1255
Facsimile: (888) 688-0482

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrew Guerrero; Stephen Brackett; James Laurie; Mackenzie Roberts; Jesse Walker; Kenneth Ortiz; Flobots Music LLC d/b/a Flobots Music Publishing, | Case No.: 2:19-cv-4267 _____ |
| PLAINTIFFS, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| Logan Paul and Maverick Media, | Complaint Filed: |
| DEFENDANTS. | |

1

# JURISDICTION

1.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as the action arises under the original and exclusive jurisdiction of the federal court and 28 U.S.C. § 1338(a) as the controversy arises under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

2.     This Court has personal jurisdiction over Defendants as discussed fully herein.

3.     This Court has general personal jurisdiction over Defendant Logan Paul ("Defendant Logan Paul" or "Logan Paul") because upon information and belief, he is a resident of the State of California and this Judicial District, owns property in this Judicial District, and has other substantial contacts with the State of California and with this Judicial District specifically.

4.     This Court has specific personal jurisdiction over Logan Paul because this suit arises out of or relates to his contacts with the State of California and this Judicial District. Upon information and belief, Defendant Logan Paul wrote the Infringing Musical Composition "No Handlebars" (the "Infringing Composition" or "No Handlebars") in the State of California and produced the music video of the Infringing Composition in the State of California.  The sound recording of the Infringing Composition is referred to herein as the "Infringing Sound Recording." Upon information and belief, the Infringing Sound Recording was also recorded in whole or in part in California. The Infringing Composition and Infringing Sound Recording are collectively referred to herein as the "Infringing Works." Logan Paul has offered or authorized the licensing, distribution, and sale of the Infringing Works to residents of California and to California companies and within this Judicial District. Defendant Logan Paul and Defendant Maverick Media ("Defendant Maverick or "Maverick") are in fact practical partners with respect to their work on and actions related to the Infringing Works.

COMPLAINT FOR COPYRIGHT INFRINGMENT

5.      This Court has general personal jurisdiction over Defendant Maverick because it has continuous and systematic contacts with California as to make it essentially at home. Specifically, Maverick is a corporation incorporated under the laws of California with a California Corporate Number of C3696752. Maverick is registered in the State of California with a physical address of 450 North Roxbury Drive, 8th Floor, Beverly Hills, CA 90210. Maverick may be served through its designated agent Duncan Hedges at 450 North Roxbury Drive, 8th Floor, Beverly Hills, CA 90210.

6.      This Court has specific personal jurisdiction over Defendant Maverick because this suit arises out of or relates to Defendant Maverick's contacts with the state of California, which include: (1) Maverick has a contractual relationship with Logan Paul, upon information and belief a California citizen, under which Maverick received income and its interest in the Infringing Works; (2) Maverick is engaged in conduct within the State of California and in this Judicial District, specifically Maverick knowingly and intentionally distributed the Infringing Works, or authorized the distribution to California companies, including the licensing of the Infringing Works for digital download and streaming, among other things; (3) Maverick's conduct causes injury to, and is directed at, Plaintiffs and their intellectual property within the United States and the State of California; (4) Maverick benefited substantially from the sale and exploitation of the Infringing Works to residents of California and to California companies, including within this Judicial District; (5) Maverick is, at a minimum, constructively aware of its continuous and substantial commercial interactions with California residents; (6) Maverick actively participated in and/or authorized the unlawful manufacture of the Infringing Works in California and to California companies; and (7) Maverick advertised the Infringing Works to California residents and California companies.

COMPLAINT FOR COPYRIGHT INFRINGMENT

Defendant Logan Paul and Defendant Maverick are in fact practical partners with respect to their work on and actions related to the Infringing Works.

7.      Defendants facilitated the infringing acts occurring in the United States, specifically in California. Upon information and belief, Logan Paul lives in Los Angeles, California and Maverick has a physical address in California. Defendants actively participated in a coordinated plan to produce and distribute the Infringing Works throughout the United States, including California.

8.      Defendants, individually and collectively, have generated substantial revenue from exploitation of the Infringing Works in California, and have engaged in a coordinated marketing and advertising campaign related to the Infringing Works.

9.      Furthermore, given Defendants' willful and knowing exploitation of the Infringing Works in California, each could certainly reasonably anticipate being haled into a court in the United States, specifically the State of California. Thus, jurisdiction could be exercised constitutionally by this Court pursuant to FED. R. CIV. P. 4(k)(1)(A) and California's long-arm statute CAL. CODE CIV. PROC. § 410.10.

## VENUE

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this Judicial District. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400 as at least one of the Defendants reside or may be found in this Judicial District and is subject to personal jurisdiction.

11.     This case is properly filed in the Central District, as a substantial part of events giving rise to this case occurred in the Central District of California.

## INTRODUCTION

12.     Plaintiffs hereby complain and allege against Defendants Logan Paul and Maverick (collectively, "Defendants") as follows:

COMPLAINT FOR COPYRIGHT INFRINGMENT

13.     This is a claim for willful copyright infringement of Plaintiffs' original, copyrighted musical composition entitled "Handlebars" ("Handlebars" or "Original Work"). A United States copyright for the musical composition of the "Original Work" was duly registered with the United States Copyright Office on August 31, 2018 bearing Registration Number PA0002164301.  The copyright in the Original Work is owned by Andrew Guerrero ("Guerrero"), Stephen Brackett ("Brackett"), James Laurie ("Laurie"), Mackenzie Roberts ("Roberts"), Jesse Walker ("Walker"), and Kenneth Ortiz ("Ortiz"), collectively and p/k/a "Flobots;" and Flobots Music LLC, also d/b/a Flobots Music Publishing (hereinafter, collectively "Flobots" or "Plaintiffs").

14.     The Defendants are the credited writers, performers, publishers, and/or administrators of the Infringing Works for "No Handlebars" which, as set more fully herein, deliberately copied "Handlebars." Defendants are in fact practical partners with respect to their work on and actions related to the Infringing Works.

15.     Defendants copied the Original Work without a license or consent and have exploited the subsequent Infringing Works to their collective benefit without regard to Plaintiffs' rights and to Plaintiffs' detriment. The Infringing Works directly misappropriate quantitively and qualitatively important portions of Plaintiffs' Original Work in a manner that is easily recognizable to the ordinary observer. The Infringing Works are substantially similar to the Original Work as discussed fully below. Indeed, the copying herein permeates throughout the Infringing Works and goes to the essence of both works.

## PARTIES

16.     Plaintiff Guerrero, an individual, is a resident of Colorado. Guerrero is a producer, songwriter, and musician. Guerrero is a co-founder of Flobots. Guerrero is a co-writer of the Original Work.

17.   Plaintiff Brackett, an individual, is a resident of Colorado. Brackett is a musician, songwriter, singer, and rapper. Brackett is a co-founder of Flobots. Brackett is a co-writer of the Original Work.

18.   Plaintiff Laurie, an individual, is a resident of Colorado. Laurie is a musician, songwriter, singer, and rapper.  Laurie is the founder of Flobots.  Laurie is a co-writer of the Original Work.

19.   Plaintiff Roberts, an individual, is a resident of Colorado. Roberts is a classically trained violist for Flobots. Roberts is a co-writer of the Original Work.

20.   Plaintiff Walker, an individual, is a resident of Colorado. Walker is a co-writer of the Original Work.

21.   Plaintiff Ortiz, an individual, is a resident of Colorado. Ortiz is a singer, songwriter, engineer, and drummer. Ortiz is a co-writer of the Original Work.

22.   Plaintiff Flobots Music, LLC is a Limited Liability Company organized under the laws of the State of Colorado, with its principal office address at 4526 Osceola Street, Denver, Colorado 80212 and principal mailing address of 901 A Street, San Rafael, California 94901.  Plaintiff Ortiz is the registered agent of Flobots Music, LLC.

23.   Flobots have an extensive history of working in California, including touring, appearances on television, and other continuous work in California.

24.   Defendant, Logan Paul, an individual, upon information and belief is a resident of the State of California. Logan Paul is the singer-songwriter and producer of the Infringing Works.

25.   Defendant Maverick is a Delaware Limited Liability Company registered in the State of California with its principal place business at 450 North Roxbury Drive, 8th Floor, Beverly Hills, California 90210. Upon information and belief, Maverick is Logan Paul's publisher and serves as the administrator and/or

COMPLAINT FOR COPYRIGHT INFRINGEMENT

music publisher for the Infringing Works. Upon information and belief, Maverick has exploited the Infringing Works and collects royalties for the Infringing Works.

## STATEMENT OF FACTS

### Background of Flobots and the Original Work

26.   Plaintiff Laurie founded Flobots, a hip hop and rock band, in 2005 in Denver, Colorado.  Flobots' music has been featured on television shows such as *Last Call with Carson Daly*, *The Tonight Show with Jay Leno*, and *Late Night With Conan O'Brien*.

27.   Flobots have released four studio albums and one EP, including "Flobots Present…Platypus" in 2005, "Fight With Tools" in 2008, "Survival Story" in 2010, "The Circle in Square" in 2012, and "No Enemies" in 2017.

28.   Flobots have had several hit singles, including the Original Work at issue, "Handlebars" released in 2008; "Rise" released in 2008; "White Flag Warrior" released in 2010; "The Circle in the Square" released in 2012; and "Rattle the Cage" released in 2016.

29.   Flobots are well known throughout the United States.  Flobots have over 195,000 followers on Facebook, @Flobots on Twitter has over 22,000 followers, flobotsmusic has over 8,000 followers on Instagram, and Flobots have 113,794 subscribers on Spotify.

30.   Flobots have a national and international exposure with its music offered through digital providers such as Spotify, Apple Music, YouTube, and Amazon.

31.   Flobots have an extensive history of concerts and tours starting as early as 2008 until the present including but not limited to, a performance at Bumbershoot Music and Arts Festival in Seattle, Washington on September 1, 2008; a performance at the Roundhouse in London, United Kingdom on March 6, 2009; a performance at Jamboree in Tinley Park, Illinois on June 5, 2010; a performance at

COMPLAINT FOR COPYRIGHT INFRINGMENT

1ˢᵗ Bank Center in Broomfield, Colorado on December 6, 2011; a performance at the Ace of Spades in Sacramento, California on September 18, 2012; a performance at Kilby Court in Salt Lake City on May 15, 2013; a performance at the Common Ground Music Festival in Lansing, Michigan on July 9, 2014; a performance at Cabooze in Minneapolis, Minnesota on November 3, 2016; a performance at Wichita Riverfest in Wichita, Kansas on June 9, 2017; a performance at Rex Theater in Pittsburgh, Pennsylvania on January 23, 2018; and an upcoming performance at Rock the Block in Cheyenne, Wyoming on June 22, 2019.

32.     The Original Work was written and recorded in 2005. It was originally recorded on the EP *Flobots Present…Patypus*. The Original Work was rereleased on May 20, 2008 on the album *Fight With Tools*.

33.     The lyrics of the Original Work were inspired when Plaintiff Laurie was riding a bike home from work with his hands in the air.  Plaintiff Laurie had just learned how to ride a bike without the use of his hands and experienced a sensational moment of triumph. Plaintiff Laurie stated that the song is about "the idea that we have so much incredible potential as human beings to be destructive or to be creative." It is the contrast between these "little moments of creativity, these bursts of innovation," and the way these ideas are put to use "to oppress and destroy people" that the singer feels is "beautiful and tragic at the same time."

### Background of Defendants and the Infringing Works

34.     Defendant Paul and Maverick either performed, wrote, produced, published, administrated, distributed, and/or collected revenue from  the Infringing Works, music video, and other products embodying the Infringing Works. Paul and Maverick are practical partners with respect to the Infringing Works.

35.     Defendants released the single "No Handlebars" on November 23, 2017 on YouTube and other social media outlets including Instagram. The Infringing Composition was written by Logan Paul, and upon information and

belief, the Infringing Sound Recording was recorded, in whole or in part, in Los Angeles, California.

36.    Logan Paul is an American internet personality who gained fame through videos shared on the former Internet video service Vine. Logan Paul eventually moved towards YouTube and now has over 18 million followers. Logan Paul has also gained a wide success on Instagram with over 15 million followers and Facebook with over 49,000 followers.

37.    Maverick is a corporation that, upon information and belief, manages the entertainment and social media of Logan Paul. Maverick appears as a credited producer of the Infringing Works.

38.    "Logan Paul Vlogs" and "TheOfficialLoganPaul" are the YouTube accounts used by Logan Paul to upload short films. "Logan Paul Vlogs" has over 18 million followers, and the "TheOfficialLoganPaul" has over 5 million followers.

39.    According to Forbes, Logan Paul was listed as a Top Influencer in 2017 and has appeared for commercials for brands ranging from Hanes to HBO. It is estimated that in 2017, Logan Paul made $150,000 per Facebook post and $80,000 for sponsored content on Instagram.

40.    On October 25, 2017, Logan Paul released a YouTube video called "MY NEXT MUSIC VIDEO… (sexy)" entailing the details of the production of the Infringing Works. The behind-the-scenes video featured the set of the music video behind the Infringing Works and documented the moment he approached the models in the music video about the idea of a "human bicycle." Logan Paul stated "'No Handlebars' is about bikes right, and there's a lot of hot females here. I had this idea where I would ride them […] like a bicycle."

41.    On November 23, 2017, Logan Paul released the Infringing Works on YouTube where it received more than 26 million views in a month.

COMPLAINT FOR COPYRIGHT INFRINGMENT

42.     The Infringing Works were heavily criticized for their blatant copyright infringement of the Original Work.  The Infringing Works were also critiqued for their perceived sexual objectification of women, including a scene in the music video where Logan Paul rides several women like a bicycle.

**Discovery of The Infringing Works and Access to The Original Work**

43.     The Original Work was a massive success in the United States. Thus, Plaintiffs and the Original Work were well known to Logan Paul.

44.     The Original Work was hugely successful and was certified platinum on July 31, 2009 by the RIAA for selling over 1,000,000 copies.

45.     The Original Work peaked to No. 3 on the Billboard Modern Rock Tracks on May 17, 2008 and was on the chart for 20 weeks. "Handlebars" peaked at No. 20 on the Billboard Hot Digital Songs on August 23, 2008 and remained on the chart for 24 weeks.  The Original Work peaked at No. 30 on the Billboard Mainstream Top 40 on August 23, 2008 and remained on the chart for seven weeks. "Handlebars" peaked at No. 37 on the Billboard Hot 100 on August 9, 2008 and remained on the chart for 20 weeks.   "Handlebars" peaked at No. 63 on the Billboard Canadian Hot 100 on August 9, 2008 and remained on the chart for nine weeks.

46.     The Original Work has over 48 million views on YouTube, has over 45 million total plays on Spotify, and has had over 16 million total plays on the band's Myspace.com page.

47.      On November 23, 2017, Plaintiff Laurie, first saw the video, shortly after returning to the United States from a tour in Japan.  It was apparent that the "No Handlebars" released by Logan Paul used the Original Work without permission.

48.     Plaintiff Laurie, as well as other above-named Plaintiffs, created a response video titled "Handle Your Bars" ("Response Video"). The Response

Video was used to direct a message to Logan Paul regarding the infringement of the Original Work and contained the following lyrics:

> Now, why you gotta do it like that?
>
> Took a nice track and abused it like that
>
> With your stupid … rap
>
> Follow my music, my path but crashed into an ice patch

49.     In an interview with *The Daily Mail*, Brackett commented that "Our beefs are never with other artists. They're with systems of oppression and all these things, and unfortunately at this point in time Logan Paul chose to embody a system of oppression."

50.     Laurie commented during the interview with *The Daily Mail* that "He is very young. I look at him as like, wow, that's cool that some kid started doing Vine videos and then was able to accomplish all this. The song 'Handlebars' is about that journey from: You're a child, you accomplish something and everyone applauds you, you get older, you have crossroads where you have to make a decision on how you apply those skills. That's literally what that song is about. Literally he took the wrong path in the video."

51.     Logan Paul nonetheless denied knowing about Flobots or the Original Work. When Logan Paul was approached by TMZ for an article and asked about the Response Video created by Flobots, Logan Paul stated "I'm not really sure who that is" in regards to Flobots. When asked about Logan's Paul view on Flobots' statement about the Infringing Works, Logan Paul stated "Never meant to come off a misogynistic, it's just a fun like …. like rappers talk like that all the time…. That's what artist do…it was never meant to be misogynistic… it's just a fun song ….literally think about it…I can ride your girl with no handlebars …bro I don't even know what that means…like that doesn't make any sense, it literally has no meaning."

COMPLAINT FOR COPYRIGHT INFRINGMENT

52.     Flobots' Twitter was filled with comments from fans noting the blatant infringement by Logan Paul.  Included in these comments were comments such as "So tired of this guy and his brother getting away with everything they do. He literally took your song and put his name on the title…for the love of god, don't give him a pass."

53.     Logan Paul made no further responses regarding the infringement and deleted the Infringing Works from YouTube. However, the Infringing Works are still available on YouTube through other channels.

54.     On information and belief, Defendants made well over $1 million attributable to the Infringing Works.

**Substantial Similarity Between the Original Work and the Infringing Works**

55.     As evidenced by a comparison of the musical elements of both "Handlebars" and the Infringing Works, the works are substantially similar. Each example below shows that Defendants copied qualitatively and quantitively important portions of "Handlebars" and used those portions in qualitatively and quantitatively important portions of the Infringing Works. Due to the lengthy and distinctive parallel material between the two works, combined with other specific compositional features, it is unlikely that the Infringing Works were created independently of "Handlebars."

56.     Both works share the word "handlebars" in their titles and lyrics and the musical content associated with the shared lyrics is significantly similar between the two works at issue. The lyrics are nearly identical for four successive bars, beginning with the identical phrase "*I can ride*," followed by the differing lyrics "*my bike/your girl*," then the identical lyrics "*with no handlebars*," and finally, two successive repeats of "*no handlebars*," in both works.

57.     Both works share lengthy hooks that are embedded in both works' chorus sections, which overall share their most distinctive compositional elements

and occupy a large proportion of both works. The hooks found in both works' choruses are each a four-bar passage containing a long series of nearly identical lyrics and rhythms, and highly similar melodic contours in comparison to one another.

58.     The following musical transcriptions evidence these significant similarities:

### Comparison of the Hooks in "Handlebars" and "No Handlebars"



59.     All rhythms and metric positions are fully identical for four consecutive bars.

60.     Both works contain a distinctive pattern here, beginning with pairs of fast-fast-fast-fast-slow rhythms, followed by pairs of slow-fast-fast-slow rhythms.

61.     The following table evidences these significant similarities:

### Comparison of Rhythmic Values and Metric Positions of the Hooks

|        | "Handlebars" | "No Handlebars" |
|--------|--------------|-----------------|
| **Bar 1** | 4 eighth notes, 1 quarter note, 2 eighth notes | 4 eighth notes, 1 quarter note, 2 eighth notes |
| **Bar 2** | 2 eighth notes, 1 quarter note, 1 quarter rest, 1 quarter note | 2 eighth notes, 1 quarter note, 1 quarter rest, 1 quarter note |

COMPLAINT FOR COPYRIGHT INFRINGMENT

| **Bar 3** | 2 eighth notes, 1 quarter note, 1 quarter rest, 1 quarter note | 2 eighth notes, 1 quarter note, 1 quarter rest, 1 quarter note |
| **Bar 4** | 2 eighth notes, 1 quarter note | 2 eighth notes, 1 quarter note |

62.     The melodic contours, meaning the overall shape of the melodies as they rise, fall, or remain static in pitch, are very similar between the two works. Further, in comparing the scale degrees associated with the respective shared lyrics and rhythms, they are similar intervallically between the two works. This results in the melodies sound similar to the lay listener.

63.     Both works contain the similarities in contour, combined with identical rhythms and metric placements. Additionally, in both works, the shared lyric "no" appears on the highest pitch of the passages, and the shared syllable "-bars" on the lowest pitch of the passage.

64.     The following table evidences these significant similarities; arrows indicate static (repeated), ascending, or descending pitch patterns:

| Lyrics | "Flobots"[9] | "Logan Paul" |
|---|---|---|
| *I can ride* | → → | → → |
| *ride my bike with / ride your girl with* | → → → | ↘ → → |
| *with no* | ↗ | ↗ |
| *no hand-le-bars* | ↘↘↘ | ↘↘↘ |

65.     The phrase structures are distinctive and shared between the two works. Additionally, the scale degrees in the four-bar passage contain important similarities, sung to the lyrics "*no handlebars, no handlebars, no handlebars*" in both works. Identical scale degrees are in bold type and underlined in the transcription below:

1)      "Flobots": **4-3**-2-**1**, **4-3**-2-**1**, **4-3**-2-**1**

2)      "Logan Paul": 5-**4-3-1**, 5-**4-3-1**, 5-**4-3-1**.

COMPLAINT FOR COPYRIGHT INFRINGMENT

66.     The hook is repeated in both works, in both the primary vocal melodies as well as in either instrumental or secondary vocal melodies, in both works. In each 8-bar chorus sections, seven of the eight consecutive bars are parallel between the two works.

67.     The following musical transcription evidence the vocal melodies in the Flobots' "Handlebars" and Logan Paul's "No Handlebars:"

### Comparison of Primary Vocal Melodies



68.     In both works, a plucked string melody introduces the work, prominently featured alone (there is also spoken narrative in the Infringing Works). This is the primary instrumental theme, and a distinctive identifying feature, in both works. Additionally, this similarity occurs simultaneously with the hooks in both works.

69.     The use of a solo viola, as found here in "Handlebars," is highly unusual in this genre. The specific choice of articulation and sonority resulting from the technique of plucking the instrument (rather than using the bow) is distinctive and represents a specific creative choice.  In this respect, the Infringing Works share all of these same distinctive creative choices, as well as compositional content.

COMPLAINT FOR COPYRIGHT INFRINGMENT

Further, these similar string themes take on even greater melodic significance during a significant portion of both works, where the vocal material is rapped rather than sung.

70.   A comparison of these string melodies reveals that all of the scale degrees found in Bar 1 of "Handlebars" are also found in Bars 1-2 of the Infringing Composition.   Both works use scale degree 1 as the lowest pitch, and the scale degree 5 as the highest pitch, creating the same pitch range of a fifth interval. Rhythmically, in both works, scale degree 1 occurs on Beat 1, and scale degree 5 occurs on Beat 3, both of which are "strong" beats.

71.   The following musical transcriptions evidence these similarities, scale degree numbers are indicated above the notes, solid arrows indicate identical scale degrees, and circles below the notice indicate the tonic chord scale degrees:

### Musical Example: Flobots- "Handlebars"



### Musical Example: Logan Paul-"No Handlebars"

72.   The Original Work contains a prominent trumpet part, first with a short entrance at 1:04-1:08 minutes, and later as a full solo part (with accompaniment) in the instrumental interlude, starting at 1:46 minutes. This feature is unusual in the genre and very distinctive here.   The Infringing Works also contain a trumpet part,

16

using two fast repeats of a single pitch, occurring twice at 1:51 and 2:33 minutes. Its appearance is a musical deviation and incongruous within the Infringing Works.

73.     Finally, both works share significant defining elements including their primary vocal material in their chorus sections, including the hooks of both works, and material found in the primary accompanying instrumental melody of both works. The substantial and lengthy similarities between the two works are undeniable.

## FIRST CAUSE OF ACTION

### (Direct, Contributory and Vicarious Copyright Infringement)

### (Against All Defendants)

74.     Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 77, as though fully set forth herein.

75.     Plaintiffs are the owners of the United States copyright in the musical composition "Handlebars," Registration Number PA0002164301.

76.     Defendants have directly, vicariously, and/or contributorily infringed and/or induced infringement of Plaintiffs' copyright in violation of 17 U.S.C. § 501.

77.     Defendants had access to "Handlebars" as discussed above.

78.     Defendants' acts were performed without Plaintiffs' permission, license, or consent. Defendants' unauthorized reproduction, distribution, public performance, display, and creation of the derivative work, "No Handlebars," infringes Plaintiffs' exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et. seq*.

79.     Defendants' infringement has been and continues to be willful, intentional, purposeful, and with complete disregard to Plaintiffs' rights.

80.     As a direct and proximate cause of Defendants' infringement, Plaintiffs have been irreparably harmed.

COMPLAINT FOR COPYRIGHT INFRINGMENT

81.     "No Handlebars" copies prominent, qualitatively and quantitively important, original parts of "Handlebars" and includes them in quantitatively and qualitatively important portions of the Infringing Works. This copying satisfies both the intrinsic and extrinsic tests to establish copyright infringement. The copied portions in the works show that the two works are substantially similar.

82.     From the date of creation of "No Handlebars," all Defendants have infringed Plaintiffs' copyright interest in "Handlebars" including:

(a)     by substantially copying and publicly performing "No Handlebars," or authorizing the copying and public performance, including publicly performing at radio, live concerts, personal appearances, and on video, television, and otherwise;

(b)     by authorizing the reproduction, distribution, and sale of the Infringing Works through records, digital downloads, the execution of licenses, and/or actually selling, manufacturing through the execution of licenses, and/or actually selling, manufacturing, and/or distributing "No Handlebars" through various sources;

(c)     by substantially copying the related marketing and promotion of the sale of the records, videos, tickets to concerts and other performance, and other merchandise; and

(d)     by participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of "Handlebars" in and as part of "No Handlebars," packaged in a variety of configurations and digital downloads, mixes, and versions, and performed in a variety of ways including radio, concerts, personal appearances, video, television, and/or otherwise.

83.     Plaintiffs have received no copyright ownership interests in, and for any of the exploitations of, "No Handlebars" or any of the works associated with "No Handlebars."

84.     Defendants have and continue to reproduce, distribute, and manufacture large numbers of "No Handlebars" which violates Plaintiffs' copyright

that is at issue in this lawsuit. Defendants have not only marketed and exploited the works that are at issue but have granted or caused to be granted to various parties, licenses to reproduce, sample, and/or distribute the work that is in violation of Plaintiffs' copyright.

85.     Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable.

86.     Defendants, with knowledge of the infringement, materially contributed to the direct infringement alleged herein such that they may be found contributorily liable.

87.     The infringement is continuing as the single "No Handlebars" continues to be licensed for sale, downloads, ringtones, mastertones, and other exploitations by Defendants, and/or their agents.

88.     As a direct and proximate result of Defendants' infringement, pursuant to 17 U.S.C. § 504 (a)(1) and (b), Plaintiffs are entitled to actual damages in addition to Defendants' profits that are attributable to the copyrighted material. Plaintiffs are also entitled to Defendants' profits relating to foreign sales of copies of "No Handlebars" that were manufactured, distributed, or otherwise infringed domestically. Further, Plaintiffs are entitled to a running royalty on all future exploitations of "No Handlebars".

89.     In the alternative, pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to the maximum amount of statutory damages for each act of copyright infringement.

90.     As a direct and proximate result of Defendants' infringement, Plaintiffs have incurred attorneys' fees and cost which are recoverable pursuant to 17 U.S.C. § 505.

COMPLAINT FOR COPYRIGHT INFRINGMENT

91.    Defendants' conduct has caused, is continuing to cause, and will further cause great damage to Plaintiffs, which damages cannot be accurately measured in monetary terms, and therefore, unless enjoined by the Court, Plaintiffs will suffer irreparable injury, for which Plaintiffs are without adequate remedy at law.  Accordingly, Plaintiffs are entitled to a permanent injunction pursuant to 17 U.S.C. § 502 prohibiting further infringement, reproduction, distribution, sale, public performance, other use, or exploitation of Plaintiffs' copyright.

92.    As co-infringers and practical partners, Defendants are jointly and severally liable for all amounts owed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief, as follows:

1.    For judgment in favor of Plaintiffs and against Defendants;

2.    For a declaration that Defendants have willfully infringed Plaintiffs' copyrighted work in violation of the Copyright Act;

3.    For a declaration that Defendants are directly, vicariously, and/or contributorily liable for copyright infringement, as applicable;

4.    For actual damages and profits for copyright infringement pursuant to 17 U.S.C. § 504 (a)(1) and (b), including a finding that Defendants are jointly and severally liable for each other's profits as practical partners;

5.    For an accounting of all profits, income, receipts, or other benefits derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and service or other media, either now known or hereafter devised, that improperly or unlawfully infringe Plaintiffs' copyright pursuant to 17 U.S.C. § 504(a)(1) and (b);

6.    For statutory damages, upon election prior to final judgment and in lieu of actual damages and profits for copyright infringement pursuant to 17 U.S.C. § 504(c);

COMPLAINT FOR COPYRIGHT INFRINGMENT

7.     For cost of suit herein, including an award of attorneys' fees pursuant to 17 U.S.C. § 505;

8.     For pre-judgment and post-judgment interest;

9.     For the entry of an injunction requiring Defendants, their officers, agents, servants, employees, representatives, successors, licensees, partners, attorneys and assigns, and all persons acting in concert or participation with each or any one of them to be permanently enjoined from directly or indirectly infringing, reproducing, displaying, promoting, advertising, distributing, or selling any work that infringes, contributorily infringes, or vicariously infringes Plaintiffs' rights in the work protected by the Copyright Act, or in the alternative, for a running royalty in the amount to be determined following entry of judgment;

10.    For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), and otherwise, Plaintiffs respectfully demand a jury trial on all issues raised in this complaint.


Dated: May 16, 2019                    Respectfully submitted,

By:

/s/ Richard S. Busch
Richard S. Busch (SBN 319881)
E-mail: rbusch@kingballow.com
KING & BALLOW
1999 Avenue of the Stars, Suite 1100
Century City, CA 90067
Telephone: (424) 253-1255
Facsimile: (888) 688-0482
*Attorney for Plaintiffs*